IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARCUS S. RINGOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 3:21-CV-608-WHA-CSC |
| NICHOLAS STEWARD, et al., | ) ) ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Marcus S. Ringold initiated this pro se 42 U.S.C. § 1983 action on September 8, 2021.[1] *See* Doc. 1. On September 30, 2021, the Court issued an Order directing Plaintiff to provide the Court with addresses at which the named defendants could be served on or before October 14, 2021. Doc. 7. The Court specifically cautioned Plaintiff that his failure to do so would result in the named defendants not being served, and this case could not proceed against them. *Id.* However, nearly a year has passed since the October 14 deadline, and Plaintiff has neither complied with nor otherwise responded to the Court's September 30 Order.

Because Plaintiff has failed to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order,

---

[1] Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (1993). Absent evidence to the contrary, the Court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff failed to comply with the Court's Order despite the Court's clear admonition, and where no defendants have been served more than a year after this action was initiated, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **September 29, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 15th day of September, 2022.

                              /s/ Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE